FILED: 7/22/2022 12:59 PM
David Trantham
Denton County District Clerk
By: Jennifer Croy, Deputy

22-5875-442

CAUSE NO. _____

| | | |
|---|---|---|
| SCOTT DOLLAR | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| BUCHANAN HAULING & RIGGING, | § | |
| INC. and BUCHANAN LOGISTICS, | § | |
| INC. | § | |
| *Defendants.* | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**PLAINTIFF SCOTT DOLLAR** files this Original Petition complaining of Buchanan Hauling & Rigging, Inc. d/b/a Buchanan Trucking and Buchanan Logistics, Inc. d/b/a Buchanan Trucking, Defendants, and respectfully shows the Court as follows in support:

## I.
## DISCOVERY

1.      Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

2.      Plaintiff Scott Dollar is an individual and resident of Texas ("Dollar").

3.      Defendant Buchanan Hauling & Rigging, Inc. d/b/a Buchanan Trucking ("Buchanan Hauling") is a trucking company that does business in Texas and has a principal place of business at 4625 Industrial Road, Fort Wayne, IN 46825. Over the last two years alone, Buchanan Hauling's trucks have been caught operating in violation of the law and/or trucking safety regulations on at least 17 occasions in Texas and have been involved in multiple crashes on

Plaintiff's Original Petition                                                                                                1

EXHIBIT
**A**

Copy from re:SearchTX

Texas roadways. Buchanan Hauling can be served with process pursuant to 49 C.F.R. § 366 through its registered BOC-3 process agent in Texas under the Federal Motor Carrier Safety Administration (FMCSA), *Jeffrey Fultz*, at 1221 McKinney Suite 4300, Houston, Texas 77010 or wherever he may be found. Jeffrey Fultz is the Texas process agent for the blanket company, Process Agent Service Company, Inc., selected and designated by Buchanan Hauling.

4.      Defendant Buchanan Logistics, Inc. d/b/a Buchanan Trucking ("Buchanan Logistics") is a trucking company and/or broker that does business in Texas and has a principal place of business at 4625 Industrial Road, Fort Wayne, IN 46825. Buchanan Logistics can be served with process pursuant to 49 C.F.R. § 366 through its registered BOC-3 process agent in Texas under the Federal Motor Carrier Safety Administration (FMCSA), *Ramon Sandoval*, at 7577 Old Campbell Road, San Antonio, Texas 78264 or wherever he may be found. Ramon Sandoval is the Texas process agent for the blanket company, Evilsizor Process Servers, LLC, selected and designated by Buchanan Logistics.

### III.
### VENUE AND JURISDICTION

5.      Venue is proper in Denton County because a substantial part of the events giving rise to this cause occurred in Denton County, Texas.

6.      This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of the Court.

### IV.
### FACTUAL BACKGROUND

7.      At all times material hereto, either individually or collectively, Defendants Buchanan Hauling and/or Buchanan Logistics were operating as a for-hire motor carrier for profit and doing business as Buchanan Trucking (collectively "Buchanan Trucking").

Copy from re:SearchTX

8.     Further or in the alternative, Buchanan Hauling and Buchanan Logistics were operating as a joint enterprise that included operation as a for-hire motor carrier for profit, among other transportation-related services. They entered into express or implied agreements with one another, the common purpose of which was to transport property by commercial motor vehicles for-hire and for profit. In the performance of the joint enterprise, Buchanan Hauling and Buchanan Logistics shared a common economic interest and they undertook, aided and abetted, and/or performed nondelegable duties of a motor carrier.

9.     Further or in the alternative, Buchanan Hauling and Buchanan Logistics were operating as a joint venture and engaged in the joint prosecution of transportation-related services that included operation as a for-hire motor carrier for profit, among others. In the performance of the joint venture, Buchanan Hauling and Buchanan Logistics by agreement undertook, aided and abetted, and/or performed nondelegable duties of a motor carrier and operated as a motor carrier for the mutual profit of both.

10.     At or about 7:31 a.m. on July 28, 2020, in Lewisville, Texas, a bill of lading was issued to and signed by Buchanan Truck's truck driver, Randy Mundt, who was operating as a statutory employee under Buchanan Trucking's name and operating authority.

11.     That same day, during rainy weather with wet roads, Mundt was operating a 2020 Peterbilt (the "Buchanan truck") in interstate commerce in the course and scope of his employment/agency with Buchanan Trucking.

12.     As Mundt was traveling west on Jones Street towards its intersection with the I-35 northbound service road, he arrived at a stop sign facing traffic on Jones Street. At the stop sign, Mundt had a duty to stop at the stop sign before entering the intersection and yield the right-of-way to approaching traffic on the I-35 service road.

Copy from re:SearchTX

13.     Mundt proceeded to make a wide right turn onto the I-35 service road. In doing so, he crossed two lanes of traffic (blocking both lanes in the process), illegally crossed solid double-white lines, and entered the I-35 exit ramp that was to the left of the service road.

14.     The below photograph is a true and accurate depiction of the hood of the Buchanan truck as it crossed the solid double-white lines and entered the I-35 exit ramp's lane. As is shown on the image, the Buchanan truck was traveling approximately a mere 4 mph at the time.



15.     As Mundt drove the Buchanan truck into the exit ramp, the front of the truck blocked the path of traffic exiting the interstate highway.

16.     At about that same time, Plaintiff Dollar was exiting I-35 via the exit ramp that was impeded by the Buchanan truck. Dollar attempted to avoid the slow-moving truck that had illegally entered the exit ramp by swerving to the left. Despite reasonable evasive efforts by Dollar, the Buchanan truck driver's illegal maneuver across the solid double-white lines into the exit ramp's right of way caused a collision between the Buchanan truck and Dollar's vehicle. The impact of the collision forced Dollar's vehicle back to the left, jumping a curb, striking a sign and guardrail, and coming to rest on the shoulder of I-35.

Plaintiff's Original Petition                                                                                                4

Copy from re:SearchTX

17.     At the time of impact, Mundt was still driving the Buchanan truck at a mere 4 mph while blocking the I-35 exit ramp lane and also all lanes of travel on the I-35 service road. The below photograph is a true and accurate depiction of the front of the Buchanan truck as it struck Dollar's vehicle while blocking the I-35 exit ramp lane and the two I-35 service road lanes.



18.     At the time of the collision, Mundt had a duty to exercise ordinary care as a professional driver under the conditions and circumstances, including a duty to yield the right-of-way to oncoming traffic before pulling forward from the stop sign, a duty not to cross the solid double-white lines bordering the exit ramp lane, and a duty to yield the right-of-way to traffic exiting the interstate highway in the exit ramp lane, among others.

19.     Mundt breached his duties, made an illegal wide right turn, and struck Dollar's vehicle as it exited I-35 with the right-of-way.

20.     As a result of the collision and the negligence of Mundt and Buchanan Trucking, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

Plaintiff's Original Petition                                                                5

Copy from re:SearchTX

## V.

## CAUSES OF ACTION

**A.  Vicarious Liability Against Buchanan Hauling & Rigging, Inc.**

21.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs and Section E below of this petition as if fully set forth herein in their entirety.

22.     At all relevant times, Buchanan Hauling was acting as a motor carrier and doing business as Buchanan Trucking and was subject to the Federal Motor Carrier Safety Regulations ("FMCSRs") and Texas' trucking safety regulations.

23.     At all times material hereto, Mundt was an employee or statutory employee of Buchanan Hauling. Further, at the time of the collision in question and all times material hereto, Mundt was acting within the course and scope of his employment or agency with Buchanan Hauling and in furtherance of Buchanan Hauling's business interests. Therefore, Buchanan Hauling is vicariously liable for Mundt's negligence under the doctrine of *respondeat superior* and the rules of agency.

24.     As a direct and proximate result of the negligence of Mundt, for which Buchanan Hauling is liable, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

**B.  Negligence of Buchanan Hauling & Rigging, Inc.**

25.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs and Section E below of this petition as if fully set forth herein in their entirety.

26.     As an employer, Buchanan Hauling is also independently negligent in hiring,

Copy from re:SearchTX

training, supervising, and retaining Mundt in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent motor carrier would under the same or similar circumstances concerning the employment, training, retention, and supervision of Mundt.

27.     At all relevant times, Buchanan Hauling was a motor carrier as defined by the FMCSRs and was subject to the FMCSRs and Texas' trucking safety regulations.

28.     As a motor carrier, Buchanan Hauling had certain duties and responsibilities as defined by Texas law, the FMCSRs, and industry standards, including the duty to properly qualify Mundt, the duty to supervise Mundt, the duty to properly train Mundt, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary safety management controls and systems for the safe operation of its commercial motor vehicles.

29.     Buchanan Hauling was independently negligent in failing to meet its duties and responsibilities under the FMCSRs and industry standards. This negligence was a proximate cause of the collision in question.

30.     More specifically, Buchanan Hauling's independent acts of negligence include:

    a. Violating the FMCSRs, including but not limited to 49 C.F.R. §§ 383.111, 383.113, 392.14, 393.1, 393.86, 396, each of which constitute negligence *per se*, by:

        i. Failing to train its drivers to exercise extreme caution in rainy conditions when traction or visibility is adversely affected as is required under 49 C.F.R. § 392.14;

    b. Failing to implement the following basic safety-related management controls and systems for the safe operation of its commercial motor vehicles:

        i. Failing to properly implement, monitor, and/or supervise policies and procedures for ensuring drivers are trained on applicable safety rules and regulations, and on general safe driving practices, particularly collision prevention training, training for safe operation of trucks, and training for conducting proper inspection of the truck,

Plaintiff's Original Petition                                                                                                          7

Copy from re:SearchTX

trailer, parts, and accessories;

    ii.   Failing to properly implement, monitor, and/or supervise policies and procedures related to driver safety and training; and

    iii.  Failing to properly implement, monitor, and/or supervise driver hiring and qualification policies and procedures to ensure the minimum requirements set forth in the FMCSRs are adhered to and followed;

    c.   Negligently hiring, training, supervising, and retaining Mundt when Buchanan Hauling knew or should have known based on his record that he was incompetent, unqualified, and/or reckless behind the wheel of an 18-wheeler; and

    d.   Negligently failing to qualify Mundt pursuant to state and federal law, including the FMCSRs, by utilizing and relying on an incomplete driver qualification process.

31.    As a direct and proximate result of the negligence of Buchanan Hauling, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

**C. Vicarious Liability Against Buchanan Logistics, Inc.**

32.    Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs and Section E below of this petition as if fully set forth herein in their entirety and pleads in furtherance and/or in the alternative as follows:

33.    At all times material hereto, Mundt was an employee or statutory employee of Buchanan Logistics. Further, at the time of the collision in question and all times material hereto, Mundt was acting within the course and scope of his employment or agency with Buchanan Logistics and in furtherance of Buchanan Logistics' business interests. Therefore, Buchanan Logistics is vicariously liable for Mundt's negligence under the doctrine of *respondeat superior* and the rules of agency.

34.    As a direct and proximate result of the negligence of Mundt, for which Buchanan

Copy from re:SearchTX

Logistics is liable, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

**D.  Negligence of Buchanan Logistics, Inc.**

35.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs and Section E below of this petition as if fully set forth herein in their entirety and pleads in furtherance and/or in the alternative as follows.

36.     As an employer, Buchanan Logistics is also independently negligent in hiring, training, supervising, and retaining Mundt in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent company would under the same or similar circumstances concerning the employment, training, retention, and supervision of Mundt.

37.     At all relevant times, Buchanan Logistics was acting as a motor carrier and doing business as Buchanan Trucking and was subject to the FMCSRs and Texas' trucking safety regulations.

38.     As a motor carrier, Buchanan Logistics had certain duties and responsibilities as defined by Texas law, the FMCSRs, and industry standards, including the duty to properly qualify Mundt, the duty to supervise Mundt, the duty to properly train Mundt, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary safety management controls and systems for the safe operation of its commercial motor vehicles.

39.     Buchanan Logistics was independently negligent in failing to meet its duties and responsibilities under the FMCSRs and industry standards. This negligence was a proximate cause of the collision in question.

40.     More specifically, Buchanan Logistics' independent acts of negligence include:

Copy from re:SearchTX

a.  Violating the FMCSRs, including but not limited to 49 C.F.R. §§ 383.111, 383.113, 392.14, 393.1, 393.86, 396, each of which constitute negligence *per se*, by:

i.  Failing to train its drivers to exercise extreme caution in rainy conditions when traction or visibility is adversely affected as is required under 49 C.F.R. § 392.14;

b.  Failing to implement the following basic safety-related management controls and systems for the safe operation of its commercial motor vehicles:

i.  Failing to properly implement, monitor, and/or supervise policies and procedures for ensuring drivers are trained on applicable safety rules and regulations, and on general safe driving practices, particularly collision prevention training, training for safe operation of trucks, and training for conducting proper inspection of the truck, trailer, parts, and accessories;

ii.  Failing to properly implement, monitor, and/or supervise policies and procedures related to driver safety and training; and

iii.  Failing to properly implement, monitor, and/or supervise driver hiring and qualification policies and procedures to ensure the minimum requirements set forth in the FMCSRs are adhered to and followed;

c.  Negligently hiring, training, supervising, and retaining Mundt when Buchanan Logistics knew or should have known based on his record that he was incompetent, unqualified, and/or reckless behind the wheel of an 18-wheeler; and

d.  Negligently failing to qualify Mundt pursuant to state and federal law, including the FMCSRs, by utilizing and relying on an incomplete driver qualification process.

41.     As a direct and proximate result of the negligence of Buchanan Logistics, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

## E.  Negligence of Buchanan Trucking's Truck Driver

42.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs of this petition as if fully set forth herein in their entirety.

Plaintiff's Original Petition                                                                                            10

Copy from re:SearchTX

43.     At all times material hereto, Buchanan Trucking was operating a commercial motor vehicle in interstate commerce and had a duty to follow Texas' traffic laws and trucking safety regulations, as well as the FMCSRs and trucking industry safety standards.

44.     At all times material hereto, Mundt had a duty to operate the Buchanan truck in a reasonable and safe manner as an ordinarily prudent professional commercial driver would do under the same or similar circumstances.

45.     Mundt breached his duty, and at the time of the collision, Mundt was operating the Buchanan truck in an unreasonable, unsafe, and negligent manner. Specifically, Mundt breached his duty in one or more of the following ways:

  a.  Failing to operate his truck in a safe and prudent manner in view of the conditions that existed at the time of the collision in question;

  b.  Failing to keep a proper lookout;

  c.  Failing to yield the right-of-way to other traffic;

  d.  Violating Texas Transportation Code §§ 544.010, 545.101(a), and 545.104(a), and, each of which constitutes negligence *per se*;

  e.  Failing to maintain a single lane of travel;

  f.  Making an unsafe right turn;

  g.  Failing to make a proper right turn into the right lane and as close as practicable to the right-hand curb or edge of the roadway, despite having more than sufficient room to do so in this case;

  h.  Making an illegal right turn;

  i.  Disregarding and crossing solid double-white lines;

  j.  Failing to obey an official traffic control device;

  k.  Failing to stop at a stop sign and/or to remain stopped until it was clear to proceed;

  l.  Driving when distracted and inattentive to the other vehicles and traffic around him;

Plaintiff's Original Petition                                                                                                11

Copy from re:SearchTX

m. Driving when fatigued and when his judgment and decision-making was compromised due to the effects of fatigue;

n. Operating his vehicle in a careless and/or reckless manner without regard to other vehicles around him;

o. Failing to properly manage his space;

p. Violating the FMCSRs, including 49 C.F.R. §§ 383.111, 383.113, 392.14, each of which constitute negligence *per se*, by failing to exercise extreme caution;

q. Failing to use that degree of care that a professional commercial driver of ordinary prudence would have used under the same or similar circumstances; and

r. Committing such other specific acts of negligence that shall be added by amendment or proven at trial.

46.     As a direct and proximate result of the negligence of Mundt, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

### F. Vicarious Liability of Buchanan Hauling & Rigging, Inc. and Buchanan Logistics, Inc. for Negligence of Each Other

47.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs and Sections A-E of this petition as if fully set forth herein in their entirety.

48.     Buchanan Hauling and/or Buchanan Logistics were negligent as set forth above in the operation of the commercial motor vehicle in question and as an interstate motor carrier doing business as Buchanan Trucking.

49.     Pleading further or in the alternative, Buchanan Hauling and/or Buchanan Logistics were at all times in question operating as a joint enterprise that included operation as a for-hire motor carrier for profit, among other transportation-related services. They entered into express or implied agreements with one another, the common purpose of which was to transport property by

Copy from re:SearchTX

commercial motor vehicles for-hire and for profit. In the performance of the joint enterprise, Buchanan Hauling and Buchanan Logistics shared a common economic interest and they undertook, aided and abetted, and/or performed nondelegable duties of a motor carrier. In the ordinary course of business of the joint enterprise, Buchanan Hauling and/or Buchanan Logistics committed acts of negligence, as previously alleged herein and incorporated by reference, that directly and proximately caused Dollar to suffer severe, life-altering, and permanent personal injuries. That negligence was committed in furtherance of and within the scope of the common purpose of the joint enterprise and is imputed to the members and/or entities composing the joint enterprise. Therefore, Buchanan Hauling and/or Buchanan Logistics are jointly and severally liable for their negligence which proximately caused the collision in question.

50.     Pleading further or in the alternative, Buchanan Hauling and/or Buchanan Logistics were at all times in question were operating as a joint venture and engaged in the joint prosecution and business of transportation-related services that included operation as a for-hire motor carrier for profit, among others. In the performance of the joint venture, Buchanan Hauling and Buchanan Logistics by agreement undertook, aided and abetted, and/or performed nondelegable duties of a motor carrier and operated as a motor carrier for the mutual profit of both. In the ordinary course of business of the joint venture, Buchanan Hauling and/or Buchanan Logistics committed acts of negligence, as previously alleged herein and incorporated by reference, that directly and proximately caused Dollar to suffer severe, life-altering, and permanent personal injuries. That negligence was committed in furtherance of and within the scope of the joint venture and is imputed to the members and/or entities composing the joint venture. Therefore, Buchanan Hauling and/or Buchanan Logistics are jointly and severally liable for their negligence which proximately caused the collision in question.

Copy from re:SearchTX

51.     As a direct and proximate result of the negligence of Buchanan Hauling and/or Buchanan Logistics, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

### G. Gross Negligence

52.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs of this petition as if fully set forth herein in their entirety, as well as the paragraphs asserting the above causes of action against each respective Defendant.

53.     The wrongful conduct of Defendants involved more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, Defendants' conduct constituted a heedless, reckless, and wanton disregard for the rights, welfare, or safety of Dollar and the public at large. Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. As such, Defendants' conduct constituted gross negligence.

### VI.
### DAMAGES

54.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs of this petition as if fully set forth herein in their entirety, as well as the paragraphs asserting the above causes of action against each respective defendant.

55.     As a direct and proximate result of the collision in question and Defendants' negligence, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions. Accordingly, Dollar is entitled to reasonable, fair, and proper compensation for the following legal damages:

Plaintiff's Original Petition                                                                                          14

Copy from re:SearchTX

a.  Past and future medical expenses;

b.  Past and future physical pain and suffering;

c.  Past and future mental anguish;

d.  Past and future physical impairment;

e.  Past and future physical disfigurement;

f.  Past lost wages and future loss of earning capacity;

g.  Past and future inconvenience;

h.  Physical impairment sustained by Dollar in the past, consisting of loss of enjoyment of life, which was substantial and extended beyond any pain, suffering, mental anguish, lost earnings or wages or diminished earning capacity to the extent that it was and is a distinct loss and for which Dollar should be compensated; or alternatively, without waiver of the foregoing, loss of enjoyment of life sustained by Dollar in the past, as a separate element of "hedonic damages" or, alternatively, without waiver of the foregoing, as it best fits among the factors a factfinder may consider in assessing damages for pain, suffering, and/or mental anguish of Dollar to compensate for Dollar's disability to enjoy life's activities in the past; and

i.  Physical impairment that in reasonable probability Dollar will sustain in the future, consisting of loss of enjoyment of life, which will probably be substantial and extend beyond any pain, suffering, mental anguish, lost earnings or wages or diminished earning capacity in the future to the extent that it will probably be a distinct loss and for which Dollar should be compensated; or alternatively, without waiver of the foregoing, loss of enjoyment of life that, in reasonable probability, Dollar will sustain in the future, as a separate element of "hedonic damages" or, alternatively, without waiver of the foregoing, as it best fits among the factors a factfinder may consider in assessing damages for pain, suffering, and/or mental anguish of Dollar to compensate for Dollar's probable disability to enjoy life's activities in the future.

56.    As a direct and proximate result of the collision in question and Defendants' negligence and gross negligence, Dollar seeks exemplary damages from Defendants in an amount to be determined by the enlightened conscience of an impartial jury at trial.

57.    Dollar further seeks pre-judgment interest and post-judgment interest at the maximum allowable rates under the law, as well as all taxable court costs.

Copy from re:SearchTX

## VII.
## RULE 47 STATEMENT

58.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.
## RULE 193.7 NOTICE

59.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice of Plaintiff's intent to use the documents produced by any Defendant at any hearing or trial in this case.

## IX.
## RULE 609 NOTICE

60.     Pursuant to and in accordance with Rule 609 of the Texas Rules of Evidence, Plaintiff requests written notice from Defendants of their intent to use evidence of any conviction to attack Plaintiff or any other witness identified as a trial witness for Plaintiff.

## X.
## JURY DEMAND

61.     Plaintiff hereby demands a jury trial. A jury fee is being or has been paid.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff asks the Court that Scott Dollar be awarded a judgment against Defendants for damages, court costs, pre-judgment interest, post-judgment interest, and for all other relief to which Plaintiff is entitled to receive.

Plaintiff's Original Petition                                                                                              16

Copy from re:SearchTX

This 22nd day of July, 2022.

Respectfully submitted,

**BARON & BUDD, P.C.**

By: _____

Bryan A. Green
State Bar No. 24062496
bgreen@baronbudd.com
Chad C. Taylor
State Bar No. 24097172
chadtaylor@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
214-521-3605
214-520-1181 (fax)

*Attorneys for Plaintiff Scott Dollar*

Copy from re:SearchTX

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this
document via email generated by the efiling system on the date and to the persons listed below.
The rules governing certificates of service have not changed. Filers must still provide a certificate
of service that complies with all applicable rules.

Lynn Gonzalez on behalf of Bryan Green
Bar No. 24062496
lgonzalez@baronbudd.com
Envelope ID: 66584354
Status as of 7/26/2022 9:33 AM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bryan Green | | bgreen@baronbudd.com | 7/22/2022 12:50:06 PM | SENT |
| Lynn Gonzalez | | lgonzalez@baronbudd.com | 7/22/2022 12:50:06 PM | SENT |
| Linda Castaneda | | lcastaneda@baronbudd.com | 7/22/2022 12:50:06 PM | SENT |
| Chad C.Taylor | | chadtaylor@baronbudd.com | 7/22/2022 12:50:06 PM | SENT |

Copy from re:SearchTX

# Taylor Book

JEFFREY P. FULTZ
Licensed in TX, IL, MO & MS
Direct Line 713.308.0350
Cellular 713.817.2481
JFultz@taylorbook.com

July 27, 2022

Buchanan Hauling & Rigging Inc.
4625 Industrial Road
Fort Wayne, IN 46825

RE:     Cause No: 22-5875-442; *Scott Dollar v. Buchanan Hauling & Rigging Inc. and Buchanan Logistics, Inc.;* In the Judicial District Court of Denton County, Texas

Dear Sir or Madam:

I am the designated agent in the State of Texas for service of process for All American Agents for Service of Process (or Process Agent Service Company, Inc.)  Please be advised that on July 27, 2022, I was served with documents pertaining to the matter referenced above, that was filed against you and/or your company.  The documents I received include Citation and Plaintiff's Original Petition. You are required under Texas law to file the appropriate responsive pleading and respond to the discovery attached to the document filed against Buchanan Hauling & Rigging, Inc.

Although I am an attorney with a law firm, I am only the registered agent for service of process for your company.  I have not been retained to represent you and/or your company relating to this matter. Please take this correspondence and the accompanying documents seriously.  There are important deadlines to these documents that may require your immediate response.  Your failure to act in accordance with the deadlines set forth in the documents may affect you and your company adversely.

If you should have any questions or concerns regarding this matter or the documents you are receiving, please contact us at your convenience.  I will be happy to discuss this matter with you if necessary.  Thank you.

Yours very truly,

TAYLOR, BOOK, ALLEN & MORRIS, LLP

Jeffrey P. Fultz

JPF:rm

TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.
1221 McKinney Street, Suite 4300, Houston, Texas 77010
PHONE 713-222-9542 | FAX 713-655-7727
www.taylorbook.com



Friday, July 29, 2022

USDOT 2229240 MC00431807
BUCHANAN LOGISTICS, INC.
4625 INDUSTRIAL ROAD
FORT WAYNE IN 46825

To Whom It May Concern:

You have been served. As your process server for MC00431807 we
received the enclosed document today on your behalf.

Please contact your attorney for further action.

Thanks,

Penni Royston

BOC Terms of Service - https://www.evilsizor.co/boc-3-terms.html

303-482-2965 office          9200 W Cross Dr #200          info@evilsizor.co
720-845-7041 fax             Littleton CO 80123            www.evilsizor.co



U.S. Department of Transportation
**Federal Motor Carrier Safety Administration**
**Licensing and Insurance Public**

  

Choose Menu Option

Log Off

## Motor Carrier Details

| US DOT: | 2229240 | | Docket Number: | | MC00431807 |
|---------|---------|---|----------------|---|------------|
| Legal Name: | BUCHANAN LOGISTICS, INC. | | | | |

| Doing-Business-As Name: | |
|-------------------------|---|
| | |

| Business Address | Business Telephone and Fax | Mail Address | Mail Telephone and Fax | Undeliverable Mail |
|------------------|----------------------------|--------------|------------------------|--------------------|
| 4625 INDUSTRIAL ROAD FORT WAYNE IN 46825 | (260) 602-4477 | | | NO |

| Authority Type | Authority Status | Application Pending |
|----------------|------------------|---------------------|
| Common | NONE | NO |
| Contract | NONE | NO |
| Broker | ACTIVE | NO |

| Property | Passenger | Household Goods | Private | Enterprise |
|----------|-----------|-----------------|---------|------------|
| YES | NO | NO | NO | NO |

| Insurance Type | Insurance Required | Insurance on File |
|----------------|--------------------|--------------------|
| BIPD | $0 | $0 |
| Cargo | NO | NO |
| Bond | YES | YES |

**BOC-3:** YES
**Blanket Company:**   EVILSIZOR PROCESS SERVERS LLC

Web Site Content and BOC-3 Information Clarification

---

Active/Pending Insurance      Rejected Insurance      Insurance History      Authority History      Pending Application      Revocation

July 29, 2022



FMCSA Home | DOT Home | Feedback | Privacy Policy | USA.gov | Freedom of Information Act (FOIA) | Accessibility | OIG Hotline | Web Policies and Important Links | Plug-ins | Related Sites | Help
Federal Motor Carrier Safety Administration
1200 New Jersey Avenue SE, Washington, DC 20590 - 1-800-832-5660 - TTY: 1-800-877-8339 - Field Office Contacts



**Evilsizor Process Servers LLC**
9200 W Cross Dr #200
Littleton, CO  80123 US

# Invoice  8957

| DATE | PLEASE PAY | DUE DATE |
|---|---|---|
| 07/29/2022 | $150.00 | 09/27/2022 |

**BILL TO**
BUCHANAN LOGISTICS INC
4625 INDUSTRIAL ROAD FORT
WAYNE, IN  46825 USA

PLEASE DETACH TOP PORTION AND RETURN WITH YOUR PAYMENT.

| MC NUMBER | USDOT # |
|---|---|
| MC00431807 | 2229240 |

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Summons**<br>Process Service for Summons Case No: 22-5875-442<br>Terms of Service: https://www.evilsizor.co/boc-3-terms.html | 1 | 150.00 | 150.00 |

Thank you for your business - we appreciate it very much.
9200 W Cross Dr #200
Littleton CO 80123
303-482-2965
www.evilsizor.com
www.milesoftraining.net

|  | TOTAL DUE | **$150.00** |
|---|---|---|
|  |  | THANK YOU. |

SUBSCRIBE TO OUR YOUTUBE CHANNEL!
https://www.youtube.com/c/EvilsizorAssociates

Check out DOT-Shield.com today!

SF   Asc: 12568
7/27   1620

E-Served via EFile.TXCourts.gov on
7/27/2022 10:57 AM

## CITATION –TRC 99 and 106

**THE STATE OF TEXAS**                                **COUNTY OF DENTON**

### CAUSE NO. 22-5875-442

**TO: Buchanan Logistics, Inc. Registered BOC-3 Process Agent, Ramon Sandoval, 7577 Old Campbell Road, San Antonio, TX 78264  (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| | |
|---|---|
| Court: | 442nd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 22-5875-442 |
| Date of Filing: | July 22, 2022 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Scott Dollar; Buchanan Hauling & Rigging, Inc.; Buchanan Logistics, Inc. |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Brian A. Green<br>3102 Oak Lawn Avenue, Suite 1100, Dallas, TX 75219 |

Issued under my hand and seal of this said court on this the 27th day of July, 2022.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____, Deputy
Jennifer Croy

---

### Service Return

Came to hand on the _____ day of _____, 20___, at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ in person  a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, at _____.

Service Fee: $ _____                      _____ Sheriff/Constable
                                                  _____ County, Texas

Service ID No. _____                      _____
                                                  Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day  of _____, 20___
                                                                          Notary Public

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66712692
Status as of 7/27/2022 10:58 AM CST
Associated Case Party: Scott Dollar

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| L Gonzalez | | lgonzalez@baronbudd.com | 7/27/2022 10:57:55 AM | SENT |
| Brian  Green | | bgreen@baronbudd.com | 7/27/2022 10:57:55 AM | SENT |

FILED 7/28/2022 12:33 PM
David Trantham
Denton County District Clerk
By: Victoria Decuir, Deputy

CAUSE NO. 22-5875-442

| | | |
|---|---|---|
| **SCOTT DOLLAR** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | |
| | § | **DENTON COUNTY, TEXAS** |
| **BUCHANAN HAULING & RIGGING,** | § | |
| **INC. and BUCHANAN LOGISTICS,** | § | |
| **INC.** | § | |
| *Defendants* | § | **442nd JUDICIAL DISTRICT** |
| | § | |

## <u>AFFIDAVIT OF SERVICE</u>

On this day personally appeared **Angela Rocha** who, being by me duly sworn, deposed, and said:
"The following came to my hand on the 27th day of July 2022, at 12:20 o'clock P.M.,

### CITATION, PLAINTIFF'S ORIGINAL PETITION

And was executed **1221 McKinney, Suite 4300, Houston, TX 77070** within the County of **Harris** at **2:15 o'clock P.M.** on the 27th day of July 2022, by delivering a true copy to the within named

**BUCHANAN HAULING & RIGGING, INC.**
**By delivering to Registered Agent, JEFFREY FULTZ**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age, and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

**Angela Rocha**
**Authorized Person PSC: 20269 / Exp: 09/30/2023**
**Harris County, Texas**

**BEFORE ME,** a Notary Public, on this day personally appeared **Angela Rocha**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 27th day of July 2022.

**Notary Public, State of Texas**

NATALIA LISENKO
Notary Public, State of Texas
Comm Expires 03-22-2026
Notary ID 129293165

E-Served via EFile.TXCourts.gov on
7/27/2022 10:57 AM

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                          COUNTY OF DENTON

### CAUSE NO. 22-5875-442

**TO: Buchanan Hauling & Rigging, Inc. Registered BOC-3 Process Agent, Jeffrey Fultz, 1221 McKinney, Suite 4300, Houston, TX 77070 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| Court: | 442nd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | 22-5875-442 |
| Date of Filing: | July 22, 2022 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Scott Dollar; Buchanan Hauling & Rigging, Inc.; Buchanan Logistics, Inc. |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Brian A. Green<br>3102 Oak Lawn Avenue, Suite 1100, Dallas, TX 75219 |

Issued under my hand and seal of this said court on this the 27th day of July, 2022.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____, Deputy
Jennifer Croy

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, at

_____ _____.

Service Fee: $ _____                    _____ Sheriff/Constable
                                               _____ County, Texas

Service ID No. _____                  Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___

_____ Notary Public

CAUSE NO. 22-5875-442

| | | |
|---|---|---|
| **SCOTT DOLLAR** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **442nd JUDICIAL DISTRICT** |
| **BUCHANAN HAULING & RIGGING,** | § | |
| **INC. and BUCHANAN LOGISTICS,** | § | |
| **INC.** | § | |
| *Defendants.* | § | **DENTON COUNTY, TEXAS** |

## PLAINTIFF'S NOTICE OF PARTIAL NONSUIT WITHOUT PREJUDICE AS TO BUCHANAN LOGISTICS, INC.

**TO THE HONORABLE JUDGE OF SAID COURT:**

**PLAINTIFF SCOTT DOLLAR** files this Notice of Partial Nonsuit *without* Prejudice as to Buchanan Logistics, Inc.

### I.

Pursuant to Rule 162 of the Texas Rules of Civil Procedure, this nonsuit is effective upon filing. Accordingly, Plaintiff hereby nonsuits all claims and causes of action in this case against Buchanan Logistics, Inc., <u>only</u>, and without prejudice to refiling of same.

### II.

This nonsuit does not dismiss any claims against any party other than Buchanan Logistics, Inc. Plaintiff expressly does <u>not</u>, by this filing, nonsuit his claims and causes of action against any other defendant.

Respectfully submitted,

**BARON & BUDD, P.C.**

By: _____

Bryan A. Green
State Bar No. 24062496
bgreen@baronbudd.com
Chad C. Taylor
State Bar No. 24097172
chadtaylor@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
214-521-3605
214-520-1181 (fax)

*Attorneys for Plaintiff Scott Dollar*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 11th day of August, 2022, a true and correct copy of the foregoing document was forwarded to the following parties in accordance with the Texas Rules of Civil Procedure:

| | |
|---|---|
| ***Via Email***<br>Michael Sharp<br>Fee Smith & Sharp<br>Three Galleria Tower<br>13155 Noel Road, Suite 1000<br>Dallas, Texas 75240<br>*Counsel for Defendants Buchanan Hauling &<br>Rigging, Inc. and Buchanan Logistics, Inc.* | |

Bryan A. Green

FILED: 8/15/2022 9:15 AM
David Trantham
Denton County District Clerk
By: Martha Meza, Deputy

## CAUSE NO. 22-5875-442

| | | |
|---|---|---|
| **SCOTT DOLLAR** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **442nd JUDICIAL DISTRICT** |
| **BUCHANAN HAULING & RIGGING,** | § | |
| **INC.** | § | |
| *Defendant.* | § | **DENTON COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**PLAINTIFF SCOTT DOLLAR** files this First Amended Petition complaining of Buchanan Hauling & Rigging, Inc. d/b/a Buchanan Trucking, Defendant, and respectfully shows the Court as follows in support:

### I.
### DISCOVERY

1.     Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.     Plaintiff Scott Dollar is an individual and resident of Texas ("Dollar").

3.     Defendant Buchanan Hauling & Rigging, Inc. d/b/a Buchanan Trucking ("Buchanan Trucking") is a trucking company that does business in Texas and has a principal place of business at 4625 Industrial Road, Fort Wayne, IN 46825. Over the last two years alone, Buchanan Trucking's trucks have been caught operating in violation of the law and/or trucking safety regulations on at least 17 occasions in Texas and have been involved in multiple crashes on

Texas roadways. Buchanan Trucking can be served with process pursuant to 49 C.F.R. § 366 through its registered BOC-3 process agent in Texas under the Federal Motor Carrier Safety Administration (FMCSA), Jeffrey Fultz, at 1221 McKinney Suite 4300, Houston, Texas 77010 or wherever he may be found. Jeffrey Fultz is the Texas process agent for the blanket company, Process Agent Service Company, Inc., selected and designated by Buchanan Trucking.

### III.

### VENUE AND JURISDICTION

4.     Venue is proper in Denton County because a substantial part of the events giving rise to this cause occurred in Denton County, Texas.

5.     This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of the Court.

### IV.

### FACTUAL BACKGROUND

6.     At all times material hereto, Defendant Buchanan Hauling & Rigging, Inc. was operating as a for-hire motor carrier for profit and doing business as Buchanan Trucking.

7.     At or about 7:31 a.m. on July 28, 2020, in Lewisville, Texas, a bill of lading was issued to and signed by Buchanan Trucking's truck driver, Randy Mundt, who was operating as a statutory employee under Buchanan Trucking's name and operating authority.

8.     That same day, during rainy weather with wet roads, Mundt was operating a 2020 Peterbilt (the "Buchanan truck") in interstate commerce in the course and scope of his employment/agency with Buchanan Trucking.

9.     As Mundt was traveling west on Jones Street towards its intersection with the I-35 northbound service road, he arrived at a stop sign facing traffic on Jones Street. At the stop sign, Mundt had a duty to stop at the stop sign before entering the intersection and yield the right-of-

way to approaching traffic on the I-35 service road.

10.    Mundt proceeded to make a wide right turn onto the I-35 service road. In doing so, he crossed two lanes of traffic (blocking both lanes in the process), illegally crossed solid double-white lines, and entered the I-35 exit ramp that was to the left of the service road.

11.    The below photograph is a true and accurate depiction of the hood of the Buchanan truck as it crossed the solid double-white lines and entered the I-35 exit ramp's lane. As is shown on the image, the Buchanan truck was traveling approximately a mere 4 mph at the time.



12.    As Mundt drove the Buchanan truck into the exit ramp, the front of the truck blocked the path of traffic exiting the interstate highway.

13.    At about that same time, Plaintiff Dollar was exiting I-35 via the exit ramp that was impeded by the Buchanan truck. Dollar attempted to avoid the slow-moving truck that had illegally entered the exit ramp by swerving to the left. Despite reasonable evasive efforts by Dollar, the Buchanan Trucking driver's illegal maneuver across the solid double-white lines into the exit ramp's right of way caused a collision between the Buchanan truck and Dollar's vehicle. The impact of the collision forced Dollar's vehicle back to the left, jumping a curb, striking a sign and

guardrail, and coming to rest on the shoulder of I-35.

14.     At the time of impact, Mundt was still driving the Buchanan truck at a mere 4 mph while blocking the I-35 exit ramp lane and also all lanes of travel on the I-35 service road. The below photograph is a true and accurate depiction of the front of the Buchanan truck as it struck Dollar's vehicle while blocking the I-35 exit ramp lane and the two I-35 service road lanes.



15.     At the time of the collision, Mundt had a duty to exercise ordinary care as a professional driver under the conditions and circumstances, including a duty to yield the right-of-way to oncoming traffic before pulling forward from the stop sign, a duty not to cross the solid double-white lines bordering the exit ramp lane, and a duty to yield the right-of-way to traffic exiting the interstate highway in the exit ramp lane, among others.

16.     Mundt breached his duties, made an illegal wide right turn, and struck Dollar's vehicle as it exited I-35 with the right-of-way.

17.     As a result of the collision and the negligence of Buchanan Trucking and its driver, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

Plaintiff's First Amended Petition                                                                      4

# V.

## CAUSES OF ACTION

**A.  Vicarious Liability Against Buchanan Hauling & Rigging, Inc.**

18.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs and Section C below of this petition as if fully set forth herein in their entirety.

19.     At all relevant times, Buchanan Hauling & Rigging, Inc. was acting as a motor carrier and doing business as Buchanan Trucking and was subject to the Federal Motor Carrier Safety Regulations ("FMCSRs") and Texas' trucking safety regulations.

20.     At all times material hereto, Mundt was an employee or statutory employee of Buchanan Trucking. Further, at the time of the collision in question and all times material hereto, Mundt was acting within the course and scope of his employment or agency with Buchanan Trucking and in furtherance of Buchanan Trucking's business interests. Therefore, Buchanan Trucking is vicariously liable for Mundt's negligence under the doctrine of *respondeat superior* and the rules of agency.

21.     As a direct and proximate result of the negligence of Mundt, for which Buchanan Trucking is liable, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

**B.  Negligence of Buchanan Hauling & Rigging, Inc.**

22.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs and Section C below of this petition as if fully set forth herein in their entirety.

23.     As an employer, Buchanan Trucking is also independently negligent in hiring,

training, supervising, and retaining Mundt in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent motor carrier would under the same or similar circumstances concerning the employment, training, retention, and supervision of Mundt.

24.     At all relevant times, Buchanan Trucking was a motor carrier as defined by the FMCSRs and was subject to the FMCSRs and Texas' trucking safety regulations.

25.     As a motor carrier, Buchanan Trucking had certain duties and responsibilities as defined by Texas law, the FMCSRs, and industry standards, including the duty to properly qualify Mundt, the duty to supervise Mundt, the duty to properly train Mundt, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary safety management controls and systems for the safe operation of its commercial motor vehicles.

26.     Buchanan Trucking was independently negligent in failing to meet its duties and responsibilities under the FMCSRs and industry standards. This negligence was a proximate cause of the collision in question.

27.     More specifically, Buchanan Trucking's independent acts of negligence include:

    a.  Violating the FMCSRs, including but not limited to 49 C.F.R. §§ 383.111, 383.113, 392.14, 393.1, 393.86, 396, each of which constitute negligence *per se*, by:

        i.  Failing to train its drivers to exercise extreme caution in rainy conditions when traction or visibility is adversely affected as is required under 49 C.F.R. § 392.14;

    b.  Failing to implement the following basic safety-related management controls and systems for the safe operation of its commercial motor vehicles:

        i.  Failing to properly implement, monitor, and/or supervise policies and procedures for ensuring drivers are trained on applicable safety rules and regulations, and on general safe driving practices, particularly collision prevention training, training for safe operation of trucks, and training for conducting proper inspection of the truck,

trailer, parts, and accessories;

ii.   Failing to properly implement, monitor, and/or supervise policies and procedures related to driver safety and training; and

iii.   Failing to properly implement, monitor, and/or supervise driver hiring and qualification policies and procedures to ensure the minimum requirements set forth in the FMCSRs are adhered to and followed;

c.   Negligently hiring, training, supervising, and retaining Mundt when Buchanan Trucking knew or should have known based on his record that he was incompetent, unqualified, and/or reckless behind the wheel of an 18-wheeler; and

d.   Negligently failing to qualify Mundt pursuant to state and federal law, including the FMCSRs, by utilizing and relying on an incomplete driver qualification process.

28.   As a direct and proximate result of the negligence of Buchanan Trucking, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

## C. Negligence of Buchanan Trucking's Truck Driver

29.   Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs of this petition as if fully set forth herein in their entirety.

30.   At all times material hereto, Buchanan Trucking was operating a commercial motor vehicle in interstate commerce and had a duty to follow Texas' traffic laws and trucking safety regulations, as well as the FMCSRs and trucking industry safety standards.

31.   At all times material hereto, Mundt had a duty to operate the Buchanan truck in a reasonable and safe manner as an ordinarily prudent professional commercial driver would do under the same or similar circumstances.

32.   Mundt breached his duty, and at the time of the collision, Mundt was operating the Buchanan truck in an unreasonable, unsafe, and negligent manner. Specifically, Mundt breached

his duty in one or more of the following ways:

a.   Failing to operate his truck in a safe and prudent manner in view of the conditions that existed at the time of the collision in question;

b.   Failing to keep a proper lookout;

c.   Failing to yield the right-of-way to other traffic;

d.   Violating Texas Transportation Code §§ 544.010, 545.101(a), and 545.104(a), and, each of which constitutes negligence *per se*;

e.   Failing to maintain a single lane of travel;

f.   Making an unsafe right turn;

g.   Failing to make a proper right turn into the right lane and as close as practicable to the right-hand curb or edge of the roadway, despite having more than sufficient room to do so in this case;

h.   Making an illegal right turn;

i.   Disregarding and crossing solid double-white lines;

j.   Failing to obey an official traffic control device;

k.   Failing to stop at a stop sign and/or to remain stopped until it was clear to proceed;

l.   Driving when distracted and inattentive to the other vehicles and traffic around him;

m.   Driving when fatigued and when his judgment and decision-making was compromised due to the effects of fatigue;

n.   Operating his vehicle in a careless and/or reckless manner without regard to other vehicles around him;

o.   Failing to properly manage his space;

p.   Violating the FMCSRs, including 49 C.F.R. §§ 383.111, 383.113, 392.14, each of which constitute negligence *per se*, by failing to exercise extreme caution;

q.   Failing to use that degree of care that a professional commercial driver of ordinary prudence would have used under the same or similar circumstances; and

r.   Committing such other specific acts of negligence that shall be added by

amendment or proven at trial.

33.     As a direct and proximate result of the negligence of Mundt, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions resulting in injuries.

**D.  Gross Negligence**

34.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs of this petition as if fully set forth herein in their entirety, as well as the paragraphs asserting the above causes of action against Defendant.

35.     The wrongful conduct of Defendant involved more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, Defendant's conduct constituted a heedless, reckless, and wanton disregard for the rights, welfare, or safety of Dollar and the public at large. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. As such, Defendant's conduct constituted gross negligence.

## VI.
## DAMAGES

36.     Plaintiff incorporates by reference the allegations of the previous "Factual Background" paragraphs of this petition as if fully set forth herein in their entirety, as well as the paragraphs asserting the above causes of action against each respective defendant.

37.     As a direct and proximate result of the collision in question and Defendant's negligence, Dollar suffered severe, life-altering, and permanent personal injuries and/or, in the alternative, aggravation of conditions. Accordingly, Dollar is entitled to reasonable, fair, and

proper compensation for the following legal damages:

    a.  Future medical expenses;

    b.  Past and future physical pain and suffering;

    c.  Past and future mental anguish;

    d.  Past and future physical impairment;

    e.  Past and future physical disfigurement;

    f.  Future loss of earning capacity;

    g.  Past and future inconvenience;

    h.  Physical impairment sustained by Dollar in the past, consisting of loss of enjoyment of life, which was substantial and extended beyond any pain, suffering, mental anguish, lost earnings or wages or diminished earning capacity to the extent that it was and is a distinct loss and for which Dollar should be compensated; or alternatively, without waiver of the foregoing, loss of enjoyment of life sustained by Dollar in the past, as a separate element of "hedonic damages" or, alternatively, without waiver of the foregoing, as it best fits among the factors a factfinder may consider in assessing damages for pain, suffering, and/or mental anguish of Dollar to compensate for Dollar's disability to enjoy life's activities in the past; and

    i.  Physical impairment that in reasonable probability Dollar will sustain in the future, consisting of loss of enjoyment of life, which will probably be substantial and extend beyond any pain, suffering, mental anguish, lost earnings or wages or diminished earning capacity in the future to the extent that it will probably be a distinct loss and for which Dollar should be compensated; or alternatively, without waiver of the foregoing, loss of enjoyment of life that, in reasonable probability, Dollar will sustain in the future, as a separate element of "hedonic damages" or, alternatively, without waiver of the foregoing, as it best fits among the factors a factfinder may consider in assessing damages for pain, suffering, and/or mental anguish of Dollar to compensate for Dollar's probable disability to enjoy life's activities in the future.

38.    As a direct and proximate result of the collision in question and Defendant's negligence and gross negligence, Dollar seeks exemplary damages from Defendant in an amount to be determined by the enlightened conscience of an impartial jury at trial.

39.    Dollar further seeks pre-judgment interest and post-judgment interest at the

maximum allowable rates under the law, as well as all taxable court costs.

## VII.
## RULE 47 STATEMENT

40.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.
## RULE 193.7 NOTICE

41.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice of Plaintiff's intent to use the documents produced by Defendant at any hearing or trial in this case.

## IX.
## RULE 609 NOTICE

42.     Pursuant to and in accordance with Rule 609 of the Texas Rules of Evidence, Plaintiff requests written notice from Defendant of their intent to use evidence of any conviction to attack Plaintiff or any other witness identified as a trial witness for Plaintiff.

## X.
## JURY DEMAND

43.     Plaintiff hereby demands a jury trial. A jury fee is being or has been paid.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff asks the Court that Scott Dollar be awarded a judgment against Defendant for damages, court costs, pre-judgment interest, post-judgment interest, and for all other relief to which Plaintiff is entitled to receive.

This 15th day of August, 2022.

Respectfully submitted,

**BARON & BUDD, P.C.**

By: _____

Bryan A. Green
State Bar No. 24062496
bgreen@baronbudd.com
Chad C. Taylor
State Bar No. 24097172
chadtaylor@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
214-521-3605
214-520-1181 (fax)

*Attorneys for Plaintiff Scott Dollar*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lynn Gonzalez on behalf of Bryan Green
Bar No. 24062496
lgonzalez@baronbudd.com
Envelope ID: 67270149
Status as of 8/16/2022 2:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Paul Sharp | 788857 | msharp@feesmith.com | 8/15/2022 9:15:43 AM | SENT |
| Linda Castaneda | | lcastaneda@baronbudd.com | 8/15/2022 9:15:43 AM | SENT |
| Chad C.Taylor | | chadtaylor@baronbudd.com | 8/15/2022 9:15:43 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lynn Gonzalez on behalf of Bryan Green
Bar No. 24062496
lgonzalez@baronbudd.com
Envelope ID: 67270149
Status as of 8/16/2022 2:06 PM CST

Associated Case Party: Scott Dollar

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian  Green | | bgreen@baronbudd.com | 8/15/2022 9:15:43 AM | SENT |
| L Gonzalez | | lgonzalez@baronbudd.com | 8/15/2022 9:15:43 AM | SENT |

FILED: 8/16/2022 2:16 PM
David Trantham
Denton County District Clerk
By: Maribel Villarreal, Deputy

## CAUSE NO. 22-5875-442

| | | |
|---|---|---|
| **SCOTT DOLLAR** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **442nd JUDICIAL DISTRICT** |
| **BUCHANAN HAULING & RIGGING,** | § | |
| **INC. and BUCHANAN LOGISTICS,** | § | |
| **INC.** | § | |
| *Defendants.* | § | **DENTON COUNTY, TEXAS** |

## ORDER OF NONSUIT WITHOUT PREJUDICE
## AS TO BUCHANAN LOGISTICS, INC.

**BE IT REMEMBERED** that on this day came on to be considered *Plaintiff's Notice of Partial Nonsuit Without Prejudice as to Buchanan Logistics, Inc.* in the above-entitled and numbered cause. The Court, having reviewed the Notice and the Court's file, in acknowledgement of such Notice of Non-Suit which was effective immediately upon filing, hereby enters this ministerial Order that all claims of Plaintiff against Defendant Buchanan Logistics, Inc. ONLY are hereby dismissed without prejudice, with costs taxed against the party incurring same.

SIGNED this ___16___ day of ___Aug.___, 2022.

_____
**JUDGE PRESIDING**

ORDER OF NONSUIT AS TO DEFENDANT
BUCHANAN LOGISTICS, INC.                                                    Page Solo

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lynn Gonzalez on behalf of Bryan Green
Bar No. 24062496
lgonzalez@baronbudd.com
Envelope ID: 67194725
Status as of 8/16/2022 5:01 PM CST

Associated Case Party: Scott Dollar

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian  Green | | bgreen@baronbudd.com | 8/11/2022 2:16:49 PM | SENT |
| L Gonzalez | | lgonzalez@baronbudd.com | 8/11/2022 2:16:49 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lynn Gonzalez on behalf of Bryan Green
Bar No. 24062496
lgonzalez@baronbudd.com
Envelope ID: 67194725
Status as of 8/16/2022 5:01 PM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Paul Sharp | 788857 | msharp@feesmith.com | 8/11/2022 2:16:49 PM | SENT |

FILED: 8/19/2022 4:19 PM
David Trantham
Denton County District Clerk
By: Martha Meza, Deputy

NII.15462

## CAUSE NO. 22-5875-442

| | | |
|---|---|---|
| SCOTT DOLLAR | § | IN THE DISTRICT COURT |
| | § | |
| | § | 442nd JUDICIAL DISTRICT |
| V. | § | |
| | § | |
| | § | |
| BUCHANAN HAULING & RIGGING, | § | DENTON COUNTY, TEXAS |
| INC. and BUCHANAN LOGISTICS, | | |
| INC. | | |

## DEFENDANT BUCHANAN HAULING & RIGGING, INC.'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **BUCHANAN HAULING & RIGGING, INC.,** Defendant named in the above entitled and numbered cause, and files this their Original Answer, and for same would respectfully show unto the Court as follows:

## I.

## GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, of the allegations found in Plaintiff's Petition and, since they are allegations of fact, Plaintiff should be required to prove the allegations asserted against Defendant by evidence in accordance with the laws of the State of Texas.

## II.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant contends that the allegations made the basis of the claims and alleged damages, if any, of Plaintiff were caused by acts and/or omissions of persons or third parties over whom this Defendant has no control and for whom this Defendant is not responsible in law. Such acts and/or omissions were the sole proximate cause or a proximate cause or a producing cause of the occurrence in question and the alleged damages, if any.

Defendant alleges that it is entitled to ask the trier of fact to determine the responsibility of any and all claimants, settling parties, defendants, liable defendants, responsible third parties, and contribution defendants, pursuant to TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq.*, or other statute or common law, for causing the harm, if any, complained of by Plaintiff and determined by the trier of fact.

While denying that Plaintiff sustained injuries and suffered impairment and/or disability as alleged, Defendant would show that injuries sustained by Plaintiff prior and/or subsequent to the date of the accident made the basis of this suit contributed in some part to any current impairment and/or disability claimed by Plaintiff.

Further, Defendant would show that Plaintiff has failed to mitigate his damages as a reasonably prudent person would have done under the same or similar circumstances and that such failure to mitigate damages is the sole cause, or the proximate cause, of Plaintiff's damages, if any.

Further, Defendant would show that Plaintiff's recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff in accordance with Section 41.0105 of the Texas Civil Practice and Remedies Code.

Further, in accordance with Section 18.091 of the Texas Civil Practice and Remedies Code, notwithstanding any other law, if any claimant seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

## III.

Defendant asserts the protections contained in Section 18.091 of the Texas Civil Practice and Remedies Code.

## IV.

Defendant affirmatively pleads the following provisions of Chapter 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE:

a. §41.003, which requires (a) that Plaintiffs prove by clear and convincing evidence, as defined by §41.001(2), that the harm with regard to which they seek recovery resulted from fraud, malice or gross negligence; (b) that the burden may not be shifted to the Defendant or satisfied by evidence of ordinary negligence, bad faith or a deceptive trade practice; (d) that exemplary damages may be awarded only if the jury was unanimous in regard to finding liability for and the amount of exemplary damages; and (e) that the jury must be instructed as to the requirement of unanimity regarding a decision on exemplary damages.

b. §41.004, which states (a) that except as provided by Subsection (b), exemplary damages may be awarded only if damages other than nominal damages are awarded;

and (b) exemplary damages may not be awarded to a claimant who elects to have his recovery multiplied under another statute.

c.   §41.006, which requires that, in an action in which there are two or more Defendants, an award of exemplary damages must be specific as to the Defendants, and each Defendant is liable only for the amount of each award made against that Defendant.

d.   §41.007, which precludes the assessment or recovery of prejudgment interest on awards of exemplary damages.

e.   §41.008, which (a) requires the trier of fact to determine the amount of economic damages separately from the amount of other compensatory damages; and (b) places limitations on the Plaintiff's recovery of exemplary damages to the greater of (1) two times the amount of economic damages, as defined by §41.001(4), plus an amount equal to non-economic damages found by the jury, not to exceed $750,000.00; or (2) $200,000.00.

f.   §41.008(e), which provides that the preceding limitations may not be made known to the jury.

g.   §41,009, which requires a bifurcated trial upon motion by any Defendant.

h.   §41.010 and §41.012, which provide the jury instructions and considerations necessary before making and awarding exemplary damages.

i.   §41.011, which provides the six areas of evidence that the trier of the fact shall consider relating to exemplary damages and providing that evidence that is relevant only to the amount of exemplary damages is not admissible during the first phase of a bifurcated trial.

j.   §41.013, which sets forth the standard for judicial review of the award.

k.   §41.0105, which states that in addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount of medical or health care expenses actually paid or incurred by or on behalf of the claimant.

In the event that this chapter does not apply, then:

a.   There should be no recovery of exemplary or punitive damages for the reason that an award of such damage would be unconstitutional in failing to place a limit on the amount of such damage award; an award of such damages would be void for vagueness and violated of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution; an award of such damages would violate Art 1, § 10 and § 13 of the Constitution of the State of Texas.

b.  Any award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendments to the United States Constitution.

c.  Punitive damages are a form of punishment imposed by the Court, and the standard of proof to sustain such damages must be clear and convincing evidence to comport with the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Section 19 of the Constitution of the State of Texas, or the Constitution and laws of any other state deemed to apply in this case.

**d.**  Any award of punitive damages would be imposed under a standard of conduct formulated years after any of Defendants' actions; a retroactive application of the standard of conduct would be a violation of due process.

## V.

## <u>JURY DEMAND</u>

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.  A jury fee has been paid on behalf of Defendant.

## VI.

## <u>DESIGNATED EMAIL ADDRESS FOR SERVICE</u>

For this matter, the following is the undersigned attorneys' designation of electronic service email addresses, for all electronically served documents and notices, filed or service only, pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a):

Michael P. Sharp – msharp@feesmith.com
Brett D. Timmons – btimmons@feesmith.com
Tracey W. Fulkersin – tfulkersin@feesmith.com

<u>Service through any other email address will be considered invalid</u>, unless notified by the aforementioned individuals.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **BUCHANAN HAULING &**

**RIGGING, INC.,** prays that the Plaintiff take nothing by this suit, that Defendant goes hence with

its costs without delay, and for such other and further relief, both general and special, at law and

in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH & SHARP, L.L.P.**

*/s/ Brett D. Timmons*

_____

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**BRETT D. TIMMONS**
State Bar No. 24013637
btimmons@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-934-9100; 972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served on all attorneys of record in this cause of action on the 19th day of August, 2022.

***<u>Via E-Service</u>***
Bryan A. Green
Baron & Budd, PC
3102 Oak Lawn Ave., Suite 1100
Dallas, TX  75219
bgreen@baronbudd.com

*/s/ Brett D. Timmons*

**BRETT D. TIMMONS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bri Rodgers on behalf of Brett Timmons
Bar No. 24013637
brodgers@feesmith.com
Envelope ID: 67477742
Status as of 8/19/2022 2:26 PM CST
Associated Case Party: Scott Dollar

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brian  Green | | bgreen@baronbudd.com | 8/19/2022 1:19:57 PM | SENT |
| L Gonzalez | | lgonzalez@baronbudd.com | 8/19/2022 1:19:57 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bri Rodgers on behalf of Brett Timmons
Bar No. 24013637
brodgers@feesmith.com
Envelope ID: 67477742
Status as of 8/19/2022 2:26 PM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Paul Sharp | 788857 | msharp@feesmith.com | 8/19/2022 1:19:57 PM | SENT |
| Linda Castaneda | | lcastaneda@baronbudd.com | 8/19/2022 1:19:57 PM | SENT |
| Chad C.Taylor | | chadtaylor@baronbudd.com | 8/19/2022 1:19:57 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bri Rodgers on behalf of Brett Timmons
Bar No. 24013637
brodgers@feesmith.com
Envelope ID: 67477742
Status as of 8/19/2022 2:26 PM CST
Associated Case Party: Buchanan Hauling & Rigging, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Tracey Fulkersin | | tfulkersin@feesmith.com | 8/19/2022 1:19:57 PM | SENT |
| Brett Timmons | | btimmons@feesmith.com | 8/19/2022 1:19:57 PM | SENT |